IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MICHELLE DENESE BARNES  :
_____

MICHELLE DENESE BARNES          :

    Appellant               :

        v.                  :   Civil Action No. DKC 20-0027

REBECCA A. HERR, Trustee        :

    Appellee                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this bankruptcy appeal is the emergency motion to stay pending appeal filed by Appellant Michelle Denese Barnes ("Appellant" or "Debtor"). (ECF No. 2). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to stay will be denied.

"Federal Rule of Bankruptcy Procedure 8007 provides that a party may seek a stay of a judgment, order, or decree of the bankruptcy court pending appeal." *Bate Land Co., LP v. Bate Land & Timber LLC*, 2016 WL 3582038, at *1 (E.D.N.C. June 27, 2016). "The party seeking such a stay must show: (1) that [she] will likely prevail on the merits of the appeal; (2) that [she] will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and

(4) that the public interest will be served by granting the stay." *Culver v. Boozer*, 285 B.R. 163, 166 (D.Md. 2002) (citing *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)).

Appellant argues that the *Long* test is "a sliding scale" and that the court "should balance all of the *Long* factors, and not require an independent showing of each[.]" (ECF No. 2, at 8). This is an unsettled area of law. Generally, "[t]he standard of review on a motion to stay pending appeal is similar to the standard for granting a preliminary injunction." *CWCapital Asset Mgmt., LLC v. Burcam Capital II, LLC*, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013). The standard for a preliminary injunction is decidedly higher today than at the time *Long* was decided. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (2009). Now, to obtain a preliminary injunction, a party must show: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Real Truth*, 575 F.3d at 346. The party must satisfy all four requirements. *Id.*

Judge Bennett explained the uncertainty regarding the continued similarity between the preliminary injunction standard and the bankruptcy stay standard:

The United States Court of Appeals for the Fourth Circuit has not recently opined on the standard for motions to stay pending appeal. The [c]ourt's decision in *Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970), established a four factor sliding-scale test for courts to apply when considering motions to stay. Until recently, courts varied little in applying the *Long* test because it so closely mirrored the analysis for granting a preliminary injunction laid out in *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co.*, 550 F.2d. 189 (4th Cir. 1997). However, the *Blackwelder* standard has been modified by the Fourth Circuit's opinion in *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342 (4th Cir. 2009). Both a stay pending an appeal and preliminary injunctions are forms of preliminary equitable relief, and as such courts often regarded the two standards as analogous. However, after the [Fourth Circuit] adopted a more rigid standard for granting preliminary injunctions in *The Real Truth About Obama ("Real Truth")*, the district courts in this circuit have considered stays pending appeal under both the *Long* test and the *Real Truth* test. . . Notably, three of the factors in the *Real Truth* test are substantially similar to those in the *Long* test. However, factor three in the *Long* test requires the movant to show that the other party will not be "substantially harmed," while in the *Real Truth* test the movant must show that "the balance of equities tip in [her] favor." When reviewing the third factor of the *Real Truth* test, "courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" The *Real Truth* test is also more difficult to satisfy than the *Long* test because the movant must satisfy all four requirements.

*Rose v. Logan*, No. 13-cv-3592-RDB, 2014 WL 3616380, at *1–2 (D.Md. July 21, 2014) (internal citations omitted).

Appellant cannot satisfy either test. *See Rose*, No. 13-cv-3592-RDB, 2014 WL 3616380, at *3; *In Re Schweiger*, 578 B.R. 734, 737 (D.Md. 2014). Judge Simpson appears to apply the *Long* test in her order denying Debtor's emergency motion for stay pending appeal.[1] (ECF No. 3, at 4-7). The court agrees unreservedly with Judge Simpson's analysis and conclusions of law. If Appellant cannot prevail under the less stringent *Long* standard, she necessarily cannot prevail under the more stringent *Real Truth* standard, if it applies.

Judge Simpson's order denying Debtor's emergency motion to stay outlines the factual and procedural background, which the court incorporates and references. (ECF No. 3, at 1-4). Appellant's motion seemingly argues that the single estate rule does not apply because the first case "should have been closed" and the third case "should have been properly administered." (ECF No. 2, at 5-7). This argument ignores that the first case remains open, and that the trustee's motion to dismiss the first case is pending. (ECF No. 1-3, at 2).

---

[1] "Ordinarily, a party must move first in the bankruptcy court for. . . a stay of judgment, order, or decree of the bankruptcy court pending appeal[.]" Federal Rule of Bankruptcy Procedure 8007(a)(1)(A).

Appellant contends that she will suffer irreparable injury absent a stay because her home will be sold and her appeal will be moot. (ECF No. 2, at 9-11). Judge Bennett's analysis is again instructive:

> Of course, Appellant may experience harm if the property in question is sold before an appeal, but this assertion alone does not establish *irreparable* harm. Appellant insists the harm is irreparable because a sale prior to an appeal will render his appeal moot. However, "an appeal being rendered moot does not itself constitute irreparable injury."

*Rose*, No. 13-cv-3592-RDB, 2014 WL 3616380, at *3.

Appellant contends that "other parties will not be substantially harmed by the stay" because she "is seeking to take three specific actions to protect all of the. . . creditors by seeking a supersedeas bond." (*Id.*, at 11-12). Absent irreparable harm to Appellant, the third factor weighs in favor of Creditor. *Rose*, No. 13-cv-3592-RDB, 2014 WL 3616380, at *4. A stay would delay Creditor's ability to pursue its rights under state law, and as Judge Simpson phrased it, "merely serve to delay the inevitable." (ECF No. 3, at 7).

Finally, the public interest will not be served by granting a stay. Judge Simpson explained that the United States Congress enacted 11 U.S.C. § 109(g)(2) "specifically to prevent debtors from accomplishing [Appellant's] goal in filing the [t]hird [c]ase." (ECF No. 3, at 6). The court agrees that "the public

5

interest, as evidenced by Congress's adoption of § 109(g)(2), would not be served in granting [Appellant's] request for a stay pending appeal." (*Id.*).

For the foregoing reasons, the motion to stay pending appeal filed by Appellant Michelle Dense Barnes will be denied. A separate order will follow.

                                                    /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge